WESTERN ARKANSAS TELEPHONE COMPANY *v.* GRANTHAM.

4-5902                                         139 S. W. 2d 49

Opinion delivered April 15, 1940.

*Evans & Evans,* for appellant.

*R. S. Dunn* and *Paul X. Williams,* for appellee.

McHANEY, J. Appellee brought this action against appellant to recover damages for personal injuries sustained by him while in the employ of appellant. His

complaint alleged that he was employed as a lineman and general repair man and received an injury to his left hand and wrist in setting a 23 foot cedar pole with a crook near the large end of the pole, that when he elevated the pole for the purpose of setting it in the hole previously dug by him, the crook in the pole caused it to turn which twisted and injured his hand and wrist. The negligence charged was in furnishing him "such an unsafe telephone pole" and in failing to "furnish additional help" and requiring him "to set the pole without help." Appellant's answer was a general denial and pleas of assumed risk and negligence of appellee. Trial resulted in a verdict and judgment in appellee's favor for $1,500.

We think the court erred in not directing a verdict for appellant at its request at the conclusion of the evidence for appellee. Only three witnesses testified in the case—appellee and two physicians, and the evidence is not in dispute. By his own testimony he shows that he was working alone in Booneville, and that Elsken, the district manager for appellant, was in Paris, 20 miles distant. He had been working for appellant about ten years and had worked for other telephone companies prior thereto. On March 31, 1938, he found four poles broken off by the high wind the night before. He called Mr. Elsken on the long distance telephone and told him about it, that he had to get some new poles, and that he needed help to reset them. Elsken replied: "You heard what Mr. McLane said, (meaning Mr. Lane) we have to cut out this expense and there would be no extra help, and that if a man couldn't do it, there would be some new faces on the job." He set three of the poles that day and in setting the fourth pole on April 1, he twisted his hand and wrist in elevating the pole to get it in the hole. He got the pole from the supply on hand in Booneville, but had previously gotten his supply from Paris. No one directed him as to what pole to get either in Booneville or in Paris. The only complaint made of the pole is that it was crooked at or near the large end, a fact which was perfectly open and obvious to him. He had brought this pole over from Paris, with

others, about a month before. He was setting these poles on his own initiative. If this particular pole were dangerous, he alone knew about it. He didn't call Elsken at Paris to get an order to set it, but to tell him it must be done as the broken poles were pulling the line down in the highway. He called to request help and received the reply above quoted. He did not tell Elsken he wanted help because the poles were crooked and dangerous, nor that they were too heavy to handle alone. The fact that he put up three of the poles without help and without mishap shows that he did not need help. If he thought the fourth and last pole was dangerous because it had a crook in it, why did he select that pole to be erected without help?

We think there is no liability for the injury in this case for two reasons. The first is that appellant was guilty of no negligence and the second is that appellee assumed the risk by proceeding to do the work alone, without help, after having requested help, and it having been refused. The allegations of negligence that appellant furnished him a crooked pole fails, because he, himself, selected the poles at Paris and trucked them to Booneville, and he, himself, picked out the crooked pole from his supply in Booneville and dragged it with his truck to the place of injury. If there were any negligence, it was his, and his alone. But if we assume negligence, then we are confronted with the fact that he assumed the risk by proceeding to do the work without help. *St. L. I. M. & S. Ry. Co.* v. *Middleton,* 116 Ark. 284, 171 S. W. 869.

There are many cases on the subject of the duty of the servant to obey all reasonable commands of the master, but here the servant was not acting in obedience to a command, nor in the presence of a superior or foreman. He was his own boss, doing the job in his own way without direction or supervision of anyone. His injury was the result of his own negligence, or it was an unavoidable accident, for which appellant is not liable.

The judgment is, therefore, reversed, and as the cause appears to have been fully developed, it will be dismissed.